**3**

JaVonne M. Phillips, Esq., SBN 187474
Nancy Lee, Esq., SBN 272035
**McCarthy & Holthus, LLP**
411 Ivy Street
San Diego, CA  92101
Phone (619) 685-4800 Ext. 2761
Fax (619) 685-4810
nlee@mccarthyholthus.com

Attorney for: Secured Creditor,
Pacific Union Financial, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

BAKERSFIELD DIVISION

| | |
|---|---|
| In re:<br><br>Jennifer Noel Lund dba The Guilded Spice Co. dba Copper and Iron Enterprises, LLC,<br><br>Debtor.<br>_____<br>Pacific Union Financial, LLC, its assignees and/or successors,<br><br>Secured Creditor,<br>v.<br><br>Jennifer Noel Lund dba The Guilded Spice Co. dba Copper and Iron Enterprises, LLC, Debtor; and Randell Parker, Chapter 7 Trustee,<br><br>Respondents.<br>_____ | ) Case No.  18-14882<br>)<br>) DC No.:   NLL-1<br>)<br>) Chapter   7<br>)<br>) **MOTION FOR RELIEF FROM**<br>) **AUTOMATIC STAY**<br>)<br>)<br>)<br>)<br>) Date:    February 13, 2019<br>) Time:    9:00 AM<br>) Ctrm:   11, Floor:  5th<br>) Place:   2500 Tulare Street<br>)            Fresno, CA<br>)<br>) Judge:  Fredrick E. Clement<br>)<br>)<br>)<br>) |

Pacific Union Financial, LLC, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay

of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 7217 Hilton Head Way, Bakersfield, CA 93309, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief from Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtor's subject Property is $276,000.00, based upon the Debtor's own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtor's Schedules. **See Exhibit "4"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 276,000.00 |
| Total Liens to Secured Creditor | $ | 275,820.79 |
| Less 8% Cost of Sale | $ | 22,080.00 |
| Equity | $ | (21,900.79) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day described by Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For such other relief as the Court deems proper.

5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

6. Furthermore, Movant may contact the Debtor to comply with California Civil Code Section 2923.5.


Dated:  January 2, 2019                    McCarthy & Holthus, LLP


By:  /s/ Nancy Lee
     Nancy Lee, Esq.
     Attorneys for Secured Creditor
     Pacific Union Financial, LLC, its
     assignees and/or successors